```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MALIBU MEDIA, LLC,                              :

                        Plaintiff,              :     **REPORT AND RECOMMENDATION**

            v.                                  :     19-CV-4909 (GBD) (KNF)

MICHAEL YUAN                                    :

                        Defendant.              :
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

The plaintiff commenced this action seeking damages for copyright infringement, pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. The plaintiff alleges that it is the registered owner of the copyright for certain films that the defendant "downloaded, copied, and distributed" without the plaintiff's authorization by using the BitTorrent file distribution sharing system.

Before the Court are the following documents filed by the plaintiff: (1) "Motion for Entry of Final Default Judgment against Defendant Michael Yuan," pursuant to Rule 55 of the Federal Rules of Civil Procedure, with exhibits, Docket Entry No. 41; (2) "Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment against Defendant Michael Yuan," with exhibits, Docket Entry No. 42; (3) "Declaration of Kevin T. Conway Esq. ['Conway'] in Support of Motion for Entry of Default Judgment against Defendant Michael Yuan," Docket Entry No. 43; and (4) "Plaintiff, Malibu Media, LLC's, Statement of Damages,"

with exhibits, Docket Entry No. 44.  The plaintiff's motion for a judgment by default is unopposed.

## PLAINTIFF'S CONTENTIONS

In its memorandum of law, the plaintiff contends that its motion for a judgment by default should be granted, arguing: (1) "this court has subject matter and personal jurisdiction"; (2) "entry of default judgment is factually and legally appropriate"; (3) "statutory damages should be awarded"; (4) "injunctive relief should be awarded"; and (5) "costs of suit should be awarded." The plaintiff asserts that it served the defendant with a summons and amended complaint "on February 10, 2020 and February 11, 2020.  *See* Affidavit of Service [CM/ECG 33]."  The defendant failed to plead or otherwise defend, and a Clerk's Certificate of Default was issued "on March 6th, 2020 [CM/ECF 40]."  According to the plaintiff, the defendant "is not a minor, incompetent person or in active military service.  *See* Decl. of Kevin T. Conway, Esq. attached hereto as Exhibit B."  The plaintiff contends that the defendant "was properly served via alternate service."  The plaintiff contends that by defaulting, the defendant "admitted the truth of the allegations of the Amended Complaint," which support the plaintiff's claim, and the defendant's acts of infringement were committed with knowledge and willfulness, which may be inferred because of the defendant's default.  The plaintiff seeks: (a) $12,000, statutory damages, namely, "$1,500.00 per work, which is 2x the minimum statutory damages"; (b) an injunction; and (c) $643.80, "costs incurred in this action."

In support of its motion, the plaintiff submitted a declaration of its attorney, Conway, who states that the action commenced on May 26, 2019, and, pursuant to the issuance of third-party subpoenas, "Defendant's Internet Service Providers ('ISP') disclosed Defendant's true identity to Plaintiff."  On November 1, 2019, the plaintiff filed an amended complaint, and on

March 6, 2020, a Clerk's Certificate of Default against the defendant was entered. Conway states that "Defendant is not a minor, incompetent, or in active duty military." According to Conway, the plaintiff incurred $643.80 in costs in this action, "which includes the statutory filing fee of $400.00, ISP fees of $100.00, and process server fees of $143.80."

## LEGAL STANDARD

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.
>
> Fed. R. Civ. P. 55.
>
> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> Fed. R. Civ. P. 4(e).

This district court is located in New York. New York law provides:

3

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

New York Civil Practice Law and Rules ("CPLR") § 308.

## APPLICATION OF LEGAL STANDARD

*Procedural Deficiencies*

The plaintiff's motion is procedurally deficient because it does not comply with the requirements of Local Civil Rule 7.1 of this court, as it does not contain: (i) a notice of motion, as required by Local Civil Rule 7.1(a)(1); and (ii) "[s]upporting affidavits and exhibits, thereto containing any factual information and portions of the record necessary for the decision on the motion," as required by Local Civil Rule 7.1(a)(3). The plaintiff attached exhibits improperly to documents styled "Motion for Entry of Final Default Judgment against Defendant Michael Yuan," "Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment against Defendant Michael Yuan" and "Plaintiff, Malibu Media, LLC's, Statement of Damages," without any affidavit(s) identifying and explaining the attached exhibits. The plaintiff's "Declaration of Kevin T. Conway Esq. in Support of Motion for Entry of Default Judgment against Defendant Michael Yuan" is not accompanied by any exhibits. Assuming that the plaintiff's document styled "Motion for Entry of Final Default Judgment against Defendant Michael Yuan" is intended to serve as a notice of motion, it contains improperly factual allegations and legal conclusions. The plaintiff asserts in its memorandum of law that the defendant "is not a minor, incompetent person or in active military service. *See* Decl. of Kevin T. Conway, Esq. attached hereto as Exhibit B." However, neither Exhibit B nor Conway's declaration is attached to the plaintiff's memorandum of law filed under Docket Entry No. 42. Thus, denying the plaintiff's motion on these procedural grounds is warranted. However, given "a strong 'preference for resolving disputes on the merits'" in this circuit, New York v. Green,

420 F.3d 99, 104 (2d Cir. 2005) (citation omitted), and notwithstanding the procedural deficiencies, the Court will address the merits of the plaintiff's motion.

***Merits of the Plaintiff's Motion for a Judgment by Default: Personal Jurisdiction***

Conway states in his declaration, filed under Docket Entry No. 43, that "Defendant is not a minor, incompetent, or in active duty military." Although Conway states in his declaration that he has "personal knowledge" of the facts stated in his declaration, he failed to identify the source of his knowledge that "Defendant is not a minor, incompetent, or in active duty military." Given that Conway neither represents the defendant nor claims any association with the defendant and absent an explanation of the source of Conway's knowledge about the defendant, Conway's assertion that "Defendant is not a minor, incompetent, or in active duty military" is unsupported by evidence.

On December 30, 2019, the plaintiff filed a document styled "Motion for Alternate Service on Defendant Michael Yuan," asserting that, "[a]s shown in the attached sworn affidavit of process server Nelson Carvajal, Mr. Carvajal attempted to serve Defendant Yuan five times at his last known address, 7316 31st Avenue, #3FL, Flushing, NY 11370 (the 'Last Known Address')," and "Plaintiff, via the process server, has tried to serve Defendant Yuan and the process server has concluded that he failed to serve Defendant at the Last Known Address." Docket Entry No. 27. Improperly attached to the plaintiff's "Motion for Alternate Service on Defendant Michael Yuan" was a document styled "Affidavit of Attempted Service," dated November 27, 2019, stating the following:

> **NELSON CARVAJAL,** being duly sworn, deposes and says that he is over eighteen years of age, is employed by the attorney service, DLS, INC., and is not a party to this action.
> That on the 14th day of November, 2019, at approximately the time of 8:10 am, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT–-ACTION FOR DAMAGES FOR**

**PROPERTY RIGHTS INFRINGEMENT, NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT, AND ORDER ON PLAINTIFF'S MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN** upon **MICHAEL YUAN** at 73-16 31st Avenue, Apt. 3rd Floor, Flushing, NY 11370, but deponent rang the bells and there was no answer. There was a gray Lexus in the driveway.

That on the 16th day of November, 2019, at approximately the time of 9:01 am, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT–-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT, AND ORDER ON PLAINTIFF'S MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN** upon **MICHAEL YUAN** at 73-16 31st Avenue, Apt. 3rd Floor, Flushing, NY 11370, but the bells appear not to be working. There were two cars in the driveway, a Rav4 and a Lexus. There was no answer to the bells.

That on the 20th day of November, 2019, at approximately the time of 5:10 pm, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT–-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT, AND ORDER ON PLAINTIFF'S MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN** upon **MICHAEL YUAN** at 73- 16 31st Avenue, Apt. 3rd Floor, Flushing, NY 11370, but deponent rang the bells and there was no answer. There was a gray Lexus in the driveway.

That on the 23rd day of November, 2019, at approximately the time of 8:30 am, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT–-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT, AND ORDER ON PLAINTIFF'S MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/ CASE MANAGEMENT PLAN** upon **MICHAEL YUAN** at 73- 16 31st Avenue, Apt. 3rd Floor, Flushing, NY 11370, but there was a Lexus in the driveway and no answer to the bell. Deponent tried calling (718) 478-8945 and there was no answer and no answering machine and the other number, (718) 672-3135, was disconnected.

That on the 25th day of November, 2019, at approximately the time of 8:06 pm, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT–-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT, AND ORDER ON PLAINTIFF'S MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN** upon **MIC, L YUAN** at 73 -16 31st Avenue, Apt. 3rd Floor, Flushing, NY

11370, but there was no answer to the bell and no answer to the phone call. In its "Brief in Support of Motion for Alternate Service on Defendant Michael Yuan," the plaintiff asserted that "Plaintiff's multiple attempts to serve Defendant Yuan personally at his Last Known Address have been unsuccessful." Docket Entry No. 28. On February 6, 2020, the Court denied the plaintiff's motion to approve alternative service because: (a) the plaintiff "failed to comply with Local Civil Rule 7.1(a)(2) of this court," as "[t]he plaintiff's memorandum of law does not make citation to any case(s)"; and (b) "the relief requested, an order authorizing alternative service methods, is not warranted. The plaintiff has not provided any evidence that it is impracticable for it to employ the method described in New York CPLR 308(4), a method the plaintiff is already authorized to use perforce of Fed. R. Civ. P. 4(e)(1)." Docket Entry No. 32.

On February 24, 2020, the plaintiff filed an "Affidavit of Service," Docket Entry No. 33, dated February 12, 2020, stating the following:

> **NELSON CARVAJAL,** being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS., Inc., and is not a party to this action.
> That on the 10th day of February, 2020, at approximately the time of 3:52 pm, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT–ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT, AND ORDER ON PLAINTIFF'S MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY /CASE MANAGEMENT PLAN** upon **MICHAEL YUAN** at 7316 31st Avenue,  3rd Floor, Flushing, NY 11370, but there was no answer to the bells, they may be broken.
> At that time, therefore, deponent served a true copy of the foregoing papers upon **MICHAEL YUAN** by firmly affixing same conspicuously on the front door at that address, the actual place of residence.
> That on the 11th day of February, 2020, deponent served another copy of the foregoing upon **MICHAEL YUAN,** by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from an attorney or concerns an action against the person to be served, and depositing the same into an official depository maintained by the

8

>Government of the United States, City and State of New York, addressed as follows:
>**MICHAEL YUAN**
>7316 31ST AVENUE
>3rd FLOOR
>FLUSHING, NY 11370

In its memorandum of law, the plaintiff contends that "[t]his Court has personal jurisdiction over the Defendant, a New York resident, who was properly served via alternate service. The Defendant's residence is 7316 31st Avenue, 3rd Floor, Flushing, NY 11370. This residence is the location where the IP address 107.14.54.128 was found to be infringing Plaintiff's copyrighted works"; "[t]hus, service is appropriate."

The plaintiff's February 12, 2020 affidavit of service states that "deponent served a true copy of the foregoing papers upon **MICHAEL YUAN** by firmly affixing same conspicuously on the front door at that address, the actual place of residence," since "there was no answer to the bells, they may be broken." However, CPLR § 308(4) requires service to be made, "where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode," not "the actual place of residence," as the plaintiff's process server has done in this case. The words "actual place of residence" do not appear in the "nail" requirement of CPLR § 308(4).

>The "nail and mail" provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the "nailing" be done at the defendant's "actual place of business, dwelling place or usual place of abode". While there may be some question as to whether there is a distinction between "dwelling place" and "usual place of abode", there has never been any serious doubt that neither term may be equated with the "last known residence" of the defendant. Indeed there are cogent reasons for preserving the distinction, apart from the obvious principle that where the Legislature has used different words in a series, the words should not be construed as mere redundancies. . . . Significantly, in both the "leave and mail" and "nail and mail" subdivisions, the Legislature retained both the requirement that the summons be delivered or affixed to the defendant's actual place of business, dwelling place or usual place of abode and the additional requirement that the summons be mailed to the

9

> defendant's last known residence. Presumably, the Legislature left these aspects of CPLR 308 intact in the belief that a further liberalization of the requirements for service would jeopardize the primary statutory purpose of ensuring that defendants receive actual notice of the pendency of litigation against them. In light of the Legislature's continued adherence to these dual requirements, we cannot and should not blur the distinction between "dwelling place" and "last known residence", since to do so would be to diminish the likelihood that actual notice will be received by potential defendants. While a rule which permits both the "nailing" and "mailing" steps to be completed at a defendant's last known residence would make it infinitely easier to serve the "hard-to-find" defendant, such a rule would not ensure that a readily accessible defendant is given adequate notice. Hence, we find the construction of CPLR 308 (subd 4) proposed by the plaintiffs to be unacceptable. Nor do we find any "inherent inconsistency" in requiring the "affixing" to be done at the actual dwelling place or usual place of abode while permitting the "mailing" to be completed by mailing to the defendant's last known residence. Of course, we assume that plaintiffs will mail copies of the summons to the defendant's actual residence where that address is known. Indeed, in cases where the defendant's residence is known, the actual dwelling place and the last known residence would be the same location by definition. Nevertheless, we decline to view the "last known residence" clause as a mere redundancy or as evidence of inartful draftsmanship because we believe that the clause was inserted primarily to address those situations in which the defendant's residence is unknown, but his "actual place of business" is known to the plaintiff. In such cases, service would be literally impossible if the statute did not allow the second step of "mailing" to be completed by sending the papers to the defendant's last known residence. Thus, when the statute is read in its entirety, as it must be, it becomes clear that the Legislature deliberately used the term "last known residence" as a means of encompassing cases where only the actual place of business is known as well as cases where the defendant's current residence is known.
>
> Feinstein v. Bergner, 48 N.Y.2d 234, 239-41, 422 N.Y.S.2d 356, 358-59 (1979) (citations omitted).

"The 1970 revision of CPLR 308 required the summons to be mailed to the defendant's 'last known address.' The wor[d] 'residence' was substituted for the word 'address', however, in 1971. No substantive change in the meaning of the statute was intended." Id. at 240 n.4, 422 N.Y.S.2d at 359 n.4.

Although the process server's "Affidavit of Attempted Service," dated November 27, 2019, only identified the address at which service was attempted, without describing the nature

10

of the address, in its "Motion for Alternate Service on Defendant Michael Yuan," the plaintiff represented to the court that, "[a]s shown in the attached sworn affidavit of process server Nelson Carvajal, Mr. Carvajal attempted to serve Defendant Yuan five times at his last known address, 7316 31st Avenue, #3FL, Flushing, NY 11370 (the 'Last Known Address')." No evidence was submitted by the plaintiff in this action to show that the purported defendant's "last known address, 7316 31st Avenue, #3FL, Flushing, NY 11370" is the defendant's "dwelling place or usual place of abode" for the purpose of affixing the summons to the door, pursuant to CPLR § 308(4).

In the instant motion, the same address asserted previously to be the defendant's "Last Known Address," is no longer described as the "Last Known Address" by the plaintiff in motion papers; rather, the plaintiff omits "Last Known Address" from the address description in its memorandum of law, asserting only that "[t]he Defendant's residence is 7316 31st Avenue, 3rd Floor, Flushing, NY 11370. This residence is the location where the IP address 107.14.54.128 was found to be infringing Plaintiff's copyrighted works." While the process server's "Affidavit of Attempted Service," dated November 27, 2019, only identified the address at which service was attempted, without describing the nature of the address, the February 12, 2020 affidavit of service identifies the same address as "the actual place of residence."

Where: (1) the plaintiff asserted in November 2019 that the address "where service under paragraphs one and two [of CPLR § 308] cannot be made with due diligence," namely "7316 31st Avenue, #3FL, Flushing, NY 11370," is the defendant's "Last Known Address"; (2) the same address became "[t]he Defendant's residence" on this motion, without any evidence in support of the change in the nature of the address from the "Last Known Address" to "[t]he Defendant's residence" or "actual place of residence," as claimed by the process server; and (3) absent any

11

corroborating evidence that "7316 31st Avenue, #3FL, Flushing, NY 11370" was the defendant's "dwelling place or usual place of abode" rather than the "Last Known Address," the Court finds that the plaintiff failed to show that service was effected pursuant to CPLR § 308(4) "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode." "Although the required subsequent mailing to the defendant's last known residence will suffice for the second element of service under CPLR 308 (4), affixing process to the door of the defendant's last known residence will not be sufficient to meet the first element of the statute (*see Feinstein v. Bergner,* 48 N.Y.2d 234, 422 N.Y.S.2d 356, 397 N.E.2d 1161). " Kalamadeen v. Singh, 63 A.D.3d 1007, 1008, 882 N.Y.S.2d 437, 439 (App. Div. 2nd Dep't 2009).

Moreover, the process server indicated in both, the "Affidavit of Attempted Service," dated November 27, 2019, and the "Affidavit of Service," dated February 12, 2020, that the address "7316 31st Avenue, 3rd Floor, Flushing, NY 11370" is a multi-dwelling structure. Thus, even assuming that "7316 31st Avenue, 3rd Floor, Flushing, NY 11370" was the defendant's "dwelling place or usual place of abode," "firmly affixing same conspicuously on the front door at that address," without specifying that the summons was affixed to the door of the "3rd Floor" dwelling in the multi-dwelling structure, does not satisfy the requirement of "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode," pursuant to CPLR 308(4). That is so because the process server indicated in the February 12, 2020 "Affidavit of Service" that "there was no answer to the bells, they may be broken"; thus, no access to the interior of the multi-dwelling structure, including the door of the "3rd Floor" dwelling, appears to have been possible. Leaving the summons affixed to the door of a multi-dwelling structure, without affixing it to the door of the "3rd Floor" dwelling, "is insufficient compliance with the statutory requirement that the summons and complaint be

12

affixed to the door of defendant's dwelling house or usual place of abode." <u>Wilson v. O'Neal</u>, 58 Misc.2d 837, 838, 296 N.Y.S.2d 812, 814 (Dist. Ct. Nassau County, 1st Dist, 1969) (compliance with the "affixing" requirement was insufficient where papers were affixed "to the front door of a six-story apartment house" and "the defendant, when she resided there, lived on the fifth floor.").

Having failed to show that it complied with the requirements of CPLR § 308(4), the plaintiff failed to establish personal jurisdiction over the defendant.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) the plaintiff's motion for a judgment by default, Docket Entry 41, be denied; (2) the Clerk's Certificate of Default, Docket Entry No. 40, be vacated as improvidently granted; and (3) the plaintiff show cause why the amended complaint should not be dismissed without prejudice for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See</u> also Fed. R. Civ. P. 6. Any requests for an extension of time for filing objections must be directed to Judge Daniels. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  Respectfully submitted,
       July 1, 2020

*[signature: Kevin Nathaniel Fox]*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE